MDR

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Christopher R. Saenz, | No. CV-24-00572-TUC-AMM (MAA) |
| Petitioner, | |
| v. | **ORDER** |
| Ryan Thornell, et al., | |
| Respondents. | |

Self-represented Petitioner Christopher R. Saenz, who is confined in CoreCivic's La Palma Correctional Center, filed a Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody (Doc. 1) and an Application to Proceed In Forma Pauperis (Doc. 2). The Court will grant the Application to Proceed and will dismiss without prejudice the § 2254 Petition and this action.

**I.     Application to Proceed In Forma Pauperis**

Petitioner's Application to Proceed In Forma Pauperis indicates his inmate trust account balance is less than $25.00. Accordingly, the Court will grant Petitioner's Application to Proceed In Forma Pauperi*s*. *See* LRCiv 3.5(c).

**II.    Relief Unavailable under 28 U.S.C. § 2254**

Petitioner's state court criminal case, Pima County Superior Court case CR-20242581, is ongoing.[1] Relief is therefore unavailable pursuant to 28 U.S.C. § 2254, which requires a person be in custody pursuant to a **judgment** of a state court.

---

[1] *See* https://www.cosc.pima.gov/PublicDocs/ (search "Case Number" for "CR20242541") (last visited Dec. 3, 2024).

### III. *Younger* Abstention and 28 U.S.C. § 2241

Section 2241, 28 U.S.C., provides an avenue for habeas corpus relief for a pretrial detainee in custody in violation of the Constitution or laws and treaties of the United States. "As an exercise of judicial restraint, however, federal courts elect not to entertain habeas corpus challenges to state court proceedings until habeas petitioners have exhausted state avenues for raising [a] federal claim." *Carden v. Montana*, 626 F.2d 82, 83 (9th Cir. 1980).

Moreover, the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971), prevents a federal court in most circumstances from directly interfering with ongoing criminal proceedings in state court. Absent special circumstances, such as "proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown," a federal court will not entertain a pretrial habeas corpus petition. *Carden*, 626 F.2d at 84 (quoting *Perez v. Ledesma*, 401 U.S. 82, 85 (1971)). "[O]nly in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the case concluded in the state courts." *Id.* at 83–84 (quoting *Drury v. Cox*, 457 F.2d 764, 764–65 (9th Cir. 1972)).

Petitioner has failed to show special or extraordinary circumstances indicating he will suffer irreparable harm if this Court abstains from hearing his claims until after he has had a chance to present his claims to the state courts. *See Younger*, 401 U.S. at 45–46; *Carden*, 626 F.2d at 83–84. The Court, therefore, will abstain from interfering in Petitioner's ongoing state-court criminal proceedings and will dismiss without prejudice the § 2254 Petition.

**IT IS ORDERED:**

(1)   Petitioner's Application to Proceed In Forma Pauperis (Doc. 2) is **granted**.

(2)   Petitioner's § 2254 Petition (Doc. 1) and this action are **dismissed without prejudice**.

(3)   The Clerk of Court must enter judgment accordingly and close this case.

(4) The Court declines to issue a certificate of appealability because reasonable jurists would not find the Court's procedural ruling debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Wilson v. Belleque*, 554 F.3d 816, 825 (9th Cir. 2009) ("a state prisoner who is proceeding under § 2241 must obtain a [certificate of appealability] under [28 U.S.C.] § 2253(c)(1)(A) in order to challenge process issued by a state court").

Dated this 4th day of December, 2024.

_____
Honorable Angela M. Martinez
United States District Judge

- 3 -